RECEIVED-CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRIC COURT
DISTRICT OF NEW JERSEY     2007 JUN _ A _ 47

SHIH-LIANG CHEN

    Plaintiff

v.

TOWNSHIP OF FAIRFIELD,
Mayor and Town Council, Township
Planning Board and Engineer
and John Doe 1-25 and
Jane Doe 1-25
Bennet Stern, Esq. and Stern, Lavinthal,
et al.

    Defendants

Civ. No. 07-2955 (KSH)

# COMPLAINT

## I. PRELIMINARY STATEMENT

1. Plaintiff institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against defendants, named above and for violation of the laws of the State of New Jersey for planning and zoing and for violation of due process rights, including but not limited to 14th Amendment and the Federal Civil Rights Act, 42 U.S.C. 1983 and Equal Protection Clause of the 14th Amendment.

## II. JURISDICTION

2. The jurisdiction of this court for the First Cause of Action is invoked based upon the above reference statute; and, to the best information and knowledge of the Plaintiff all parties are either persons who reside in the State of New Jersey, or, entities which are municipalities; public officials or employees of the Township of Fairfield; or businesses that conduct business within the State of New Jersey.

3. Jurisdiction of this court for the pending claims is authorized by Fed. R. Civ P. 18(a).

## III. PARTIES

4. The plaintiff Chen resides at 1309 Miriam Court Parsippany, NJ 07054

5. Defendants are list above and last known addresses are attached as Addendum A.

6. Defendants are public officials, township employees or private persons and a mailing list is attached as Addendum A.

7. At all times relevant hereto, the defendant regularly extended or offered to members of the public, public process for the purpose of obtaining site plan approval, construction permits, building permits and all other things necessary for the construction of commercial buildings for use as a hotel and/or motel, as well as for other commecial purposes, so that same complied with all local, state and federal requirements. Bennett Stern, Esq. is an attorney licensed to practice in the State of New Jersey.

## IV. FACTUAL ALLEGATIONS

8. In essence, this is a case in which the Plaintiff, Mr. Chen, attempted to build a motel in the Township of Fairfield, New Jersey and members of the Town Counsel effectively and improperly thwarted his attempts to build said motel in violation of Mr. Chen's civil rights; and, further, caused him to expend great sums of money, causing mometary damage that included the loss of his home, his other assets until such time that it was financially impossible for him to continue his attempt to build the motel or seek redress for the illegal and discriminatory actions.

9. Chen obtains a Deed to property to build a motel on or about March 25, 1988.

10. Chen obtains two site plans for property on or about July 6, 1988.

11. Site Plan Review Applications are submitted to Fairfield Township on or about August 1, 1988.

12. Between August 1, 1988 and September 18, 1988 Chen and his attorney, Bennett Stern, Esq. have multiple communications and/or meetings with Township Engineer, Tom Tucci, and other township employees and officials regarding the motel and the plan is listed as complete with no variances.

13. A hearing was scheduled for a Planning Board Agenda meeting scheduled for November 1, 1988. Such hearings are required and such applications are routinely approved.

14. At the same time, members of the Town Council for the Township of Fairfield, who were aware of the application of Chen that was pending before the Planning Board, conducted their own meeting for the purpose of blocking the application of Chen.

15. Transcripts of a meeting that occurred on or about October 17, 1988 prove that the aforesaid Town Council, concocted a plan to block the construction of Chen's motel with the passage of Ordinance #943 (which eliminated hotels/motels from the Township Zoning Ordinance.

16. Passage of such an Ordinance requires notice to the public and a "20 day" period before the ordinance could go into effect.

17. Therefore, the effective date of the new ordinance would have been on November 11, 1988 which would have been after the Planning Board meeting for Chen's application.

18. In order to "push up" the effective date of the new ordinance, the Town Council, without sufficient proof being presented, declared that the ordinance would be effective immediately due to an "emergency traffic situation".

19. This so called emergency traffic situation ordinance was discriminatory towards Chen for several reasons.

20. At the same time that Chen's application was being made, another property adjacent to the property for Chen's motel was undergoing an expansion that included 50 more rooms and said property was not affected by this new ordinance.

21. There was no testimony of any substance or credibility to justify the passage of the Ordinance. This is borne out by:

(a) Hon. Peter J. Cooper ruling at a later hearing that found that the ordinance deleting hotels and motels was invalid for failure to comply with certain procedural requirments mandated by N.J.S.A. 40:55D-1 et seq.

(b) Expert report and scientific analysis prepared by Raymond Keyes Associates which clearly demonstrated that the decision to change the ordinance was "not based on sound traffic engineering data and was both arbitrary and unreaonsalbe as the land uses which were permitted to remain" in the H.D. zone.

22. The Town Council meeting was clearly aimed at preventing Chen from building the motel. Transcripts of the hearing demonstrate that Chen was a focal point.

23. At least one Town Council member should have recused himself for a conflict of interest. Said person was councilman Reboli.

24. At the November 1, 1988 Planning Board Meeting, another owner of property was permitted to build an additional 54 rooms (Fairfield Executive Inn) but Chen's application was declared an emergency situation and his application was blocked.

25. It is important to note that town council members, Nalesnik and Rotunda, were present at the November 1, 1988 meeting and had full knowledge of the discrimination against Chen.

24. Shortly thereafter, Chen filed an action in lieu of prerogative writ in the Superior Court of New Jersey, Law Division, Essex Count, Docket No. W-55111-88.

25. While the presiding judge, Hon. Peter Cooper, made a ruling that invalidated the ordinance, he stayed his ruling for 90 days to permit the township to pass a valid zoning ordinance.

26. In February of 1989 the township passed a new ordinance which still adversely affected Chen. Chen filed an appeal and a request for a stay but the stay was denied.

27. Town Council votes to adopt amended ordinance 953 that deletes hotels from the zoning ordinance.

28. An additional prerogative writ was filed in June of 1989 attacking the validity of the ordinance.

29. The Complaint was amended in October 1989 adding the Township of Fairfield as a Defendant and added additional causes of actions under the 14th Amendment and the Federal Civil Rights Act, 42 U.S.C. 1983.

30. The Complaint was amended again in December 1989 to state a cause of action under the Equal Protection Clause.

31. The basis of this amendment included the discovery that: (a) The Mayor and Council had approved the site plan of the Fairfiled Exectuive Inn, on the same road as Plaintiff in this case, for expanding the hotel by approximately fifty three rooms to two hundred rooms on November 1, 1988. This was after the Mayor and Councel had declared a "state of emergency" deleting hotels and motels as a permissible use; (b) There was also another hotel, the Sheraton, which received approval for a similar expansion.

32. Settlement discussions between the parties proved fruitless.

33. A change of Mayor and Council also occurred causing a delay.

34. Mayor Rotunda wanted to meet with Chen in March of 1990 and spoke with Bennett Stern, Esq. about a municipal fund donation of $100,000.00. Chen did not meet with the Mayor.

35. The matter was settled in Chen's favor but there the Defendant backed out and a Notice of Motion to Enforce Settlement was filed on March 27, 1990.

36. The case settled again and the Motion mentioned above was withdrawn and the case was dismissed.

37. The settlement agreement kept changing and due to the passage of time (more than two years) and Chen's investors were very concerned.

38. New restrictions were put into place post settlement that had not been in place in 1988. Chen kept revising the plan to accommodate the Plainning Board to obtain final site plan approval.

39. Approval was finally reached on May 7, 1991 almost a year after the final site plan approval.

40. Then in March 1992, the new Township Engineer wanted several items to be addressed whichpreviously had been addressed with the town and the prior town engineer, Ms. Liza Z. Walsh.

41. There were further delays and finally a construction permit was issued on or about April 2, 1992.

42. The permit included necessary approvals from outside agencies including the Department of Enviormental Protection and Energy, (DEPE) and the Two Bridges Sewer Authority (TBSA)

43. The permit was revoked only seven days later of the new acting construction official, Mr. Philip Cheff.

44. The revocation was because of an alleged failure to:

(a) conform to the parking space requirements pursuant to the American with Disabilities Act of 1990;

(b) alleged failure to obtain a saniatry sewer extension permit from the DEPE.

(c) alleged failure to obtain approval from the TBSA.

(d) alleged failure to confirm 70% maximum impervious coverage.

45. The revocation was not warranted because (a) (c) and (d) had already been approved and resolved; (b) was pending review by the DEPE and was eventually granted in June but it was not the basis of revoking the permit.

46. An appeal of the revocation of the construction permit was filed by Plaintiff and it took nine months before a hearing before the Construction Appeal Board. Plaintiff was advised by the Chairman, Mr. Patrick Intindola, that there was no basis of a revocation of a permit.

47. Due to the revocation of the construction permit, the plans fell apart.

48. Creditors could not be put off and investors were lost. Plaintiff lost the property and the new owners used Plaintiff's construction plan and site plan.

49. The entire process was mishandled by the Defendants and it was in violation of the stipulation agreement and I am seeking to have the matter restored to the calendar so that I may pursut my claims.

50. Plaintiff owned the property in question which was known on the tax maps of Fairfiled Township as Block 1301 Lot 18.01 and same was zoned for various uses which included hotels, as well as, office buildings, shopping centers, industrial parks and restaurants.

51. The cost of the property when purchased was approximately $1,150,000 which repressented practically Plaintiff's life savings.

52. Plaintiff purchased a franchise from Super 8 Motels, Inc, for the purpose of constructing and operating a hotel on the property. This occurred in March 1988.

53. Through his attorney, Bennett Stern, Esq. Plaintiff made application as previously mentioned above.

54. Through the fraud, negligent and intentional acts of the other named Defendants, the Plaintiff effectively was prevented from constructing the property; and, Bennett Stern, Esq. became a co-conspirator with the named defendants and others to cause Plaintiff to lose the property.

55. Bennett Stern knew and/or represented other persons or entities that became the subsequent owners of the property and otherwise defrauded, discriminated against in concert with others to cheat Plaintiff out of the property for their own pecuniary gain.

56. Bennett Stern used the benefit of information that had been obtained at the expense of the Plaintiff for his own personal gain and for that of his new client.

57. It is clear that the actions of the Defendants was to bar the Plaintiff from developing the property, particularly in light of the fact that the subsequent owner was able to construct and operate a similar type facility without the same obstacles put before the Plaintiff, said acts were in violation of the Plaintiff civil rights.

58. At no point in time has the Plaintiff had a fair and full hearing on the issues. The Stipulation of Settlement was essential voided by the actions of the Defendants, and the case should have been restored to the trial calendar in the state court but it was not.

59. In the setting of municipal land use controversies, the State of New Jersey has well established procedures, including judicial review of municipal governance, to assure (good) government under law. This was never done in this case.

## V. FIRST CAUSE OF ACTION

.The Defendants violated the requirements of the Civil Rights Act in the following ways:

(a) By failing to follow proper procedures for the amendment of municipal ordinances under N.J.S.A. 40:55-1 et seq.

(b) Failing to provide expert testimony and/or scientific evidence that there was an emergency traffic situation, when it was established that none existed.

(c) Passing an ordinance which was nothing more than a sham.

(d) Deliberately trying to extort money from Plaintiff for purposes of getting approval.

(e) Deliberately trying to delay the construction to give favor to the subsequent owner of the property.

(f) Deliberately lying, misleading, obfuscating the process due to Plaintiff's ethnic background.

(g) Defendants acted individually and in conjunction with others named herein to prevent the Plaintiff from constructing and operating a motel.

As a result of the above, the Plaintiff suffered severe pecuniary loss, including the loss of the property in question as described herein and other property and resources he had; he suffered damage to his reputation and credit and otherwise sustained millions of dollars of debt and damages.

## VI. SECOND CAUSE OF ACTION

The Defendants violated the Equal Protection Rights of the Plaintiff under the 14th Amendment in the following ways:

(a) By failing to follow proper procedures for the amendment of municipal ordinances under N.J.S.A. 40:55-1 et seq.

(b) Failing to provide expert testimony and/or scientific evidence that there was an emergency traffic situation, when it was established that none existed.

(c) Passing an ordinance which was nothing more than a sham.

(d) Deliberately trying to extort money from Plaintiff for purposes of getting approval.

(e) Deliberately trying to delay the construction to give favor to the subsequent owner of the property.

(f) Deliberately lying, misleading, obfuscating the process due to Plaintiff's ethnic background.

(g) Defendants acted individually and in conjunction with others named herein to prevent the Plaintiff from constructing and operating a motel.

As a result of the above, the Plaintiff suffered severe pecuniary loss, including the loss of the property in question as described herein and other property and resources he had; he suffered damage to his reputation and credit and otherwise sustained millions of dollars of debt and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Assume jurisdiction of this case;
2. Award actual damages to be established at trial.
3. Award damages in the amount of $100,000,000.00.
4. Award plaintiff costs and resonable attorney fees.
5. Award such other relief as the court deems appropriate under the circumstances.

Dated:

June 22, 2007

Shih-Liang Chen
1309 Miriam Court
Parsippany, NJ 07054

## ADDENDUM A

| | |
|---|---|
| Township of Fairfield | 230 Fairfield Road<br>Fairfield, New Jersey 07004 |
| Mayors of Fairfield 1988-1996 | 230 Fairfield Road<br>Fairfield, New Jersey 07004 |
| Town Council Members 1988-96 | 230 Fairfield Road<br>Fairfield, New Jersey 07004 |
| Township Engineer 1988-1996 | 230 Fairfield Road<br>Fairfield, New Jersey 07004 |
| Bennett Stern, Esq. | 293 Eisenhower Parkway<br>Livingston, New Jersey   07039 |
| Stern, Lavinthal, et al | 293 Eisenhower Parkway<br>Livingston, New Jersey   07039 |