UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

SHIH-LIANG CHEN,

    Plaintiff,

v.

TOWNSHIP OF FAIRFIELD, et. al.,

    Defendants

Civ. Action No. 07-2955 (KSH)

**OPINION AND ORDER**

**KATHARINE S. HAYDEN, U.S.D.J.**

The Township of Fairfield's denial of the application of plaintiff Shih-Liang Chen ("Chen") for a permit to build a hotel in the township in 1988 has spawned several suits over the past 20 years, including the present case before the Court. Chen has sued the Township of Fairfield and its mayor, council, planning board, and engineer, as well as Bennett Stern, and Stern, Lavinthal, Frankenberg & Norgaard, LLC ("firm")(collectively "defendants"), alleging violations of his civil and equal protection rights pursuant to 42 U.S.C. § 1983.[1] Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Chen alleges in his complaint (D.E. 1) that he bought property in Fairfield in March 1988 in order to build a Super 8 motel. He was denied a permit to build because the council had amended the zoning ordinance to prohibit building hotels/motels in the township. Chen filed a state lawsuit alleging the amendment was deliberately passed to block construction of his hotel, especially since the planning board approved another hotel's expansion after denying his permit. The court found the amendment of the ordinance invalid, but allowed the township time to amend it, which it did in February 1989. But Chen still believed his interests were adversely affected and filed another state

---

[1] Chen filed the complaint pro se and now is represented by counsel, Feng Li.

complaint alleging civil rights and equal protection violations. He claims that since other hotels were allowed to expand their room numbers, the township was discriminating against him. In 1990, he alleges that he reached a settlement with the township which would allow him to build a hotel. However, he alleges that the township and its officials did not adhere to the settlement. After moving to enforce the settlement and once again reaching an understanding with the township, Chen was given final approval for his hotel project in May 1991. He claims that the township delayed issuing him a construction permit, and when the permit was finally issued in April, 1992, it was revoked a week later by the new acting construction official for failing to meet certain criteria for the permit. He appealed to the Construction Appeal Board, which denied his appeal. As a result of losing the permit, the complaint alleges that Chen lost the property and suffered damages.

Since 1993, Chen has filed three lawsuits, separate and apart from the lawsuits discussed above:: (1) a state court action against the township, mayor, council, and planning board to vacate the stipulation of settlement, which the trial court denied and the appellate division affirmed (Stern Cert. Ex. A)[2]; (2) a federal action against the township, mayor, council, planning board, and two council members alleging violations of his civil and equal protection rights and breach of the settlement agreement, which Judge Alfred Wolin dismissed in 1998 as untimely and barred by the doctrines of laches and claim preclusion (Stern Cert. Ex D (Wolin Opinion)); and (3) the within federal action against the township, mayor, council, planning board, engineer, Bennett Stern, and his firm, claiming violations of his civil and equal protection rights.

---

[2] The Court considered the opinions of the appellate division and Judge Wolin attached as Exhibits A and D to the certification of Bennett Stern (D.E. 20), as the court may consider "matters of public record" without converting a motion to dismiss into one for summary judgment. See Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004). However, the court did not consider the other documents attached to the Stern certification or the certifications of Feng Li (D.E. 27, 28).

In moving to dismiss the complaint (D.E. 20.),[3] defendants argue that the doctrine of claim preclusion bars Chen from relitigating these issues because Judge Wolin ruled on them in his 1998 opinion ("1998 decision").  (Stern Cert. Ex. D.)  In opposition, Chen only provides a conclusory statement that there was no valid, final judgment ever entered.  (Pl. Br. 7.)  The doctrine of claim preclusion bars a subsequent action on the following showing:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

Hulmes v. Honda Motor Co., 924 F. Supp. 673, 682 n.12 (D.N.J. 1996)(Orlofsky, J.).  See also Cahn v. United States, 269 F. Supp. 2d 537, 544 (D.N.J. 2003)(Cooper, J.).

Here, Judge Wolin's 1998 decision constituted a valid and final judgment because it was entered pursuant to Fed. R. Civ. P. 41(b), which provides "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."  Since the 1998 decision was based on Chen's untimely filing the claim and on the doctrines of laches and claim preclusion, his adjudication falls under Rule 41 as a "dismissal not under this rule."  The township, mayor, council, and planning board were parties to both the 1998 federal action and the current case.  Both complaints arise out of Chen's allegations that he was improperly denied a permit to build a hotel which violated his civil and equal protection rights.  The Court finds that the 1998 decision is entitled to preclusive effect as to the township, mayor, council, and planning board.

Stern, the firm, and the township engineer were not parties to the federal lawsuit before Judge Wolin.  They argue that Chen's claims are over 15 years old and therefore are barred by the statute of limitations.  (Stern Br. 9-10.)  Chen contends that the discovery rule is applicable to his

---

[3] Stern and the firm made the motion to dismiss.  The planning board submitted a brief in support of Stern's motion and requested to join the motion.  (D.E. 23.)  The township, mayor, township council, and engineer also requested to join the motion.  (D.E. 21, 26.)

3

claims against Stern and his firm because "he was not aware of the acts of Stern that appear to have been against the better interest of Chen." (Pl. Br. 5.) He also claims he was not given access to relevant information about his case, such as information about depositions taken during the 1989 litigation. (Id.)

A section 1983 cause of action accrues when "the plaintiff has a complete and present cause of action . . . even though the full extent of injury is not then known or predictable." Wallace v. Kato, 127 S. Ct. 1091, 1095, 1097 (2007)(internal quotations omitted). But "in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim." Lopez v. Swyer, 62 N.J. 267, 272 (1973). A plaintiff must show that he "could not, through reasonable diligence and intelligence, have discovered a basis for his claim within the applicable limitation period." See Freeman v. State, 347 N.J. Super. 11, 29 (App. Div. 2002).

Wallace also notes that the length of the limitations period is determined by looking at the state's limitations period for personal-injury torts, which in New Jersey is two years. Wallace, 127 S. Ct. at 1094; N.J.S.A. 2A:14-2. From the complaint, it appears that the last action taken by any defendant occurred in 1993, when Chen was denied his construction permit, well past the two year limitations period. Chen knew about this alleged injury at least by 1997 because that is when he filed a federal complaint alleging the same constitutional violations he raises now. (Wolin Op. 3.) Where he accuses Stern, who represented him in the first lawsuits over the property, of being a co-conspirator with other defendants (see Compl. ¶¶ 55, 56), he fails to demonstrate that this allegation is based on information that was unavailable to Chen the litigant in the 1998 federal suit. In the same manner, the complaint does not set forth facts that would establish that the township engineer, named here for the first time, committed acts that were not known to Chen then, or could not have been discovered by Chen, so as to permit a lawsuit well over a decade after the acts

complained of in paragraphs 12 and 40.  The Court concludes that the claims against Stern, the firm, and the township engineer are time-barred.

Amendment here would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Chen has submitted an amended complaint with his opposition papers (D.E. 27-2) that does not set forth any new incidents within the past two years that affect his federal law claims.  He does add three state law causes of action: (1) fraud against all defendants; (2) breach of fiduciary duty against Stern and his firm; and (3) legal malpractice against Stern and his firm.  Even assuming these claims were viable, absent a federal cause of action, the Court would decline to exercise pendent jurisdiction over them.  See Bacon v. Carroll, 232 Fed. Appx. 158, 160 (3d Cir. 2007); Queen City Pizza v. Domino's Pizza, 124 F.3d 430, 444 (3d Cir. 1997).

Good cause appearing,

It is on this 31st day of July, 2008,

**ORDERED** that defendants Bennett Stern and Stern, Lavinthal, Frankenberg & Norgaard, LLC's motion to dismiss (D.E. 20) is **granted.**  The complaint is **dismissed** as to the remaining defendants listed as Township of Fairfield, mayor, township council, engineer, planning board, John Doe 1-25, and Jane Doe 1-25.  The Court directs the Clerk's office to close this matter.

/s/ Katharine S. Hayden
Katharine S. Hayden
United States District Judge